**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

2009 OCT 15 A 11:08

In re: )
)
GEO EXPLORATION, LLC., )
Debtor. ) Case No. 09-14024
) (Chapter 7)
)
)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**WITH BRIEF IN SUPPORT**

COMES NOW, the Movant, Spoon Resources, LLC ('Spoon') and respectfully moves this Court for an Order Granting Relief from the Automatic Stay. In support hereof, it is stated:

**RELEVANT FACTS**

1. Spoon on December 29, 2008, filed an action regarding Spoon's oil and gas leases upon verified petition against the debtor, Geo Exploration, LLC ('Geo'), et al, in Spoon Resources, LLC. v. Coal Gas Mart, LLC., et al, CJ-2008-1209, Okmulgee County District Court, Oklahoma ('the State Case').

2. Spoon on April 3, 2009, took default judgment against all the defendants, including Geo, in the State Case, the Journal Entry finding specifically that Geo had "willfully filed a false lien notice and disparaged Spoon's title in the lease". The defendants moved vacation of Spoon's judgment..

3. The instant bankruptcy was filed on July 27, 2009, and at hearing on July 29, 2009, with both Geo's counsel and corporate representative, Kris Agrawal, in attendance, the defendants' motion to vacate was denied, without any notice whatsoever of this bankruptcy being given to the court or to Spoon's counsel. The State Court ruling

was based upon Spoon's several affidavits and exhibits, the defendants having failed to offer any affidavit in support of their motion to vacate. Spoon's affidavits and exhibits provided compelling evidence to the State Court that Geo and its affiliated entities, manipulated by Mr. Agrawal, had a long pattern of evasion of service, false lien and assignment filings and fraudulent behavior and that Spoon's judgment was fully justified. Mr. Agrawal had previously filed Ch. 7 bankruptcy on another of his affiliated entities, On Line Oil, Inc., in BK-09-13006, WD-OK.

4. Based upon the instant bankruptcy, the previously scheduled trial in the State Case on Spoon's monetary damages has been stricken and pretrial (non jury) has been reset by agreement for November 17, 2009, with trial then promptly to follow.

5. Further, Spoon asserts that it is also entitled to relief from the automatic stay for the following reasons:

a. This is an action sounding in quiet title, disparagement and damage to property and the Oklahoma Courts are better suited to determine these issues; and

b. Substantially all the crucial witnesses and material documentary evidence regarding this case are located or filed of record in Okmulgee County, Oklahoma, and,

c. Spoon will suffer irreparable harm if this stay is not lifted as it will not be able to prosecute a legal action to which it is lawfully entitled to pursue in the proper court of law nor will it be able to utilize its oil and gas lease under the cloud of Geo's false lien.

6. Further, Spoon primarily seeks quiet title as to Geo and will not seek any direct recovery from the Estate of Geo without prior Bankruptcy Court approval.

7. Granting the requested relief will not materially affect Geo or the Estate and is in the best interests of justice.

**ARGUMENT AND AUTHORITIES**

Pursuant to 11 U.S.C. §362(d), a party in interest may seek relief from the automatic stay and the Court may grant such relief upon a "for cause" showing. The term "for cause" is not defined in the Bankruptcy Code and necessarily must be determined on a case by case basis and is not limited to a showing of a lack of adequate protection. See generally, In re Madison Hotel Corp., 175 B.R. 94 (Bkrtcy.N.D.Ala. 1994); and In re Growth Development Corp., 168 B.R. 1009 (Bkrtcy.N.D.Ga. 1994).

***Relief From The Stay Should Be Granted For Cause.***

In circumstances similar to the case at bar, Courts have recognized numerous factors which may be considered in arriving at the decision as to whether to grant relief from the automatic stay in a particular instance. See generally, In re Schick, 232 B.R. 589 (Bkrtcy. S.D.N.Y. 1999); and In re Bison Resources, Inc., 230 B.R. 611 (Bkrtcy. N.D. Okla. 1999). In the following paragraphs each factor, to the extent relevant is analyzed.

(1) **Trial Readiness:** Spoon believes that trial in the State Case will occur this calendar year, the stay timely being lifted.

(2) **Judicial Economy**: Resolution of this action by an Oklahoma Court is preferable and will further the concept of judicial economy because the Oklahoma State Court is presumed to be more familiar with the specific State law claims.

(3) **Resolution of Preliminary Bankruptcy Issues:** Spoon is not aware of any bankruptcy issues which necessarily must be resolved before this matter can be turned over to the State Court to litigate the claim.

(4) **Cost of Defense or Other Potential Burdens on the Estate**: Geo should have no increased expense as the other defendants in the State Case will bear the

burden. Increased costs, standing alone, do not amount to prejudice to the Debtor which justifies denial of relief from the automatic stay. In re Keene Corp., 171 B.R. 180 (Bkrtcy. S.D.N.Y. 1994).

(5) **Creditor's Chance of Success on the Merits:** Spoon now has a judgment against Geo, which judgment has been sustained by the clear and convincing evidence received by the State Court.

(6) **Specialized Expertise of the Non-Bankruptcy Forum:** As previously noted, these claims are based completely on State statutory and common law. Not only will granting relief from the automatic stay further the idea of judicial economy, but under the circumstances the State Court is clearly the preferred forum. Public policy reasons furnish a strong reason to justify granting relief from the stay if great harm is not caused the Debtor. See generally, In re American West Airlines, 148 B.R. 920 (Bkrtcy.D.Ariz. 1993). Conversely, it would be a waste of this Bankruptcy Court's time and resources to liquidate the claim and research the Oklahoma law applicable thereto when there is an available forum previously informed and better suited to expeditiously handle liquidation of the claim.

(7) **Whether the Damages Claimed are Subject to Equitable Subordination**: The matters presented do not raise this issue.

(8) **Extent of Interference with the Pending Case:** Lifting the stay will not interfere with this Ch. 7 case.

(9) **Anticipated Impact if Stay is Lifted:** There should be no material adverse impact on the Debtor or the Bankruptcy Court if the stay is lifted. On the other hand, if the requested relief is denied, Spoon will be prejudiced as over time evidence

could be spoiled, the memories of the witnesses will fade, and witnesses may become unavailable.

## CONCLUSION AND PRAYER

Spoon respectfully asserts that when the foregoing factors are evaluated, that as a matter of law the application of these factors favors granting relief from the automatic stay so that Spoon's claim may be litigated in the District Court of Okmulgee County, Oklahoma. Moreover, when the relative equities are weighted, the balance weighs in favor of granting relief from the stay so that Spoon may have its claims expeditiously liquidated before the proper forum.

Accordingly, Spoon requests that the Court enter an Order granting relief from the automatic stay as to the State Case, effective from July 27, 2009, said Order granting such other relief to Spoon as is just and equitable.

Respectfully submitted,

Patrick E. Moore, OBA#6353
The Moore Law Firm
206 West Seventh Street
Okmulgee, Oklahoma 74447
Ph: 918.756.3391 Fax: 918.756.3390
Attorneys for the Movant, Spoon

Certificate of Service

I certify that a true copy hereof was mailed postage prepaid this 15 day of October, 2009, to the attached mailing matrix in this matter.

Patrick E. Moore

Label Matrix for local noticing
1087-5
Case 09-14024
Western District of Oklahoma
Oklahoma City
Fri Sep 18 15:07:48 CDT 2009

Geo Exploration, LLC.
4133 N. Lincoln Blvd.
Oklahoma City, OK 73105-5208

Great White Pressure Pumping, LLC
4500 S.E. 59th Street
Oklahoma City, OK 73135-3326

USBC Western District of Oklahoma
215 Dean A. McGee
Oklahoma City, OK 73102-3440

A & J Acid Inc.
P.O.B. 758
Blackwell, OK 74631-0758

Bill Henson Pulling Unit
8931 South Erie
Tulsa, OK 74137-3546

Blowout Tools
P.O.B. 96058
Oklahoma City, OK 73143-6058

Bostic Services
P.O.B. 536
Crescent, OK 73028-0536

Burleson Pump Company
21207 S. Prospect
Oklahoma City, OK 73129

CF Supply LLC
P.O.B. 1385
Liberal, KS 67905-1385

Case Wire Line
P.O.B. 646
Woodward, OK 73802-0646

Christopher Holland
8810 N. Henley
Oklahoma City, OK 73131-4006

City of Oklahoma City
P.O.B. 26570
Oklahoma City, OK 73126-0570

DCP Minerals
6120 S. Yale, Ste. 1100
Tulsa, OK 74136-4200

DJF Services, Inc.
P.O.B. 150
Holdenville, OK 74848-0150

Dustin Pannell
C/O Oklahoma Depart of Labor Legal Divis
3017 N. Stiles
Oklahoma City, OK 73105-2811

Eagle Well Service
d/b/a Bronco Energy Services
6601 S.W. 29th Street
Oklahoma City, OK 73179-6004

F & F Tool Company
c/o Michael Bigheart
202 W. Broadway
Enid, OK 73701-4048

Fesco, Ltd
c/o Susan Meinders
2201 S. Main Street
Hope, AR 71801

Foster Testing Co.
P.O.B. 728
Perryton, TX 79070-0728

General Holdind Corporation
4133 N. Lincoln Blvd.
Oklahoma City, OK 73105-5208

General, Inc.
P.O.B. 504
Laverne, OK 73848-0504

Gilbert Ventura
348 S.E. 44th Street
Oklahoma City, OK 73129

Gore Nitrogen
P.O.B. 65
Seiling, OK 73663-0065

Harris Engine & Compressor Service
P.O.B. 2616
Liberal, KS 67905-2616

Hough Oil Field Service
P.O.B. 1603
Cushing, OK 74023-1603

Israel Harrison
35986 E. HWY 270
Seminole, OK 74868-6908

J & R Service
P.O.B. 781
Woodward, OK 73802-0781

JACAM Chemicals LLC
205 S. Broadway
Sterling, KS 67579-2339

Jack's Flex Pipe
P.O.B. 71
Konawa, OK 74849-0071

Jason Cox
P.O.B. 171
Newcastle, OK 73065-0171

Jason Green
912 S. Taft Street
Tulsa, OK 74147

John Lewis Well Service
P.O.B. 67
Sasakwa, OK 74867-0067

Josh Davis
35986 E. hwy 270
Seminole, OK 74868-6908

Justin Holland
3513 Oak Cliff Drive
Oklahoma City, OK 73135-1319

Kris Agrawal
4133 N. Lincoln Blvd.
Oklahoma City, OK 73105-5208

LJWS Rental Tool & Trucking
P.O.B. 1025
Perryton, TX 79070-1025

Lively Electric
Hwy 270B W
Wewoka, OK 74884

Mike Walker
3400 S.E. 27th Street
Del City, OK 73115-1618

Mills Well Service
P.O.B. 871
Seminole, OK 74818-0871

Nichols Water Services
c/o Jerry Venables
P.O.B. 340
Beaver, OK 73932-0340

O.K. Cementing
c/o James Neal
P.O.B. 1628
Ada, OK 74821-1628

OG&E
Box 24990
Oklahoma City, OK 73124-0990

Oklahoma Corporation Commission
2101 N. Lincoln Blvd.
Oklahoma City, OK 73105-4993

Perkins Petroleum
P.O.B. 1078
Guymon, OK 73942-1078

Rawhide Well Service
P.O.B. 1988
Cody, WY 82414-1988

Ray Vincent
430 N.W. 11th Street
Oklahoma City, OK 73103-3914

Ricardo Polio
3485 East 41st
Oklahoma City, OK 73129

Sulphur Well Services
3838 Oak Lawn Ave.
Ste. 910
Dallas, TX 75219-4510

Victor Grider
701 N.W. 13th Street
Oklahoma City, OK 73103-2206

David M. Roberts
Affiliated Legal Services, Inc.
4200 Perimeter Center, Suite 245
Oklahoma City, OK 73112-2322

Herbert M. Graves
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3440

L. Win Holbrook
Andrews Davis
100 North Broadway Suite 3300
Oklahoma City, OK 73102-8812

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)J & L Cementing Service
c/o John Coffey
1001 N.W. 63rd Street

End of Label Matrix
Mailable recipients 52
Bypassed recipients 1
Total 53