**Dated: January 22, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| GEO EXPLORATION, LLC, ) | Case No. 09-14024-JDL |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |

### ORDER DENYING MOTION TO REOPEN

There is before the Court *Debtor's Motion to Reopen Case as to Christopher Holland Only* filed on January 9, 2018 (the "Motion") [Doc 98]. By the Motion, Debtor seeks to reopen this case which was closed as a "no-asset" case on December 14, 2012, for the purpose "to reform Holland's contract to pre-bankruptcy level . . . [and] entering an injunction against Holland from further wage claims against any other owner-manager or non-employers."

Bankruptcy Code § 350(b) provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other

cause." 11 U.S.C. § 350(b)[1]. Bankruptcy courts have broad discretion to reopen cases. *In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995); *In re Petroleum Production Management, Inc.*, 282 B.R. 9, 13 (10th Cir. BAP 2002). However, if substantive relief cannot be granted, reopening the case would be futile and a waste of judicial resources. *In re Schicke*, 290 B.R. 792, 798 (10th Cir. BAP 2003) ("A bankruptcy court does not abuse its discretion if it cannot afford the moving party any relief in the reopened case."); *In re Skyline Woods Country Club, LLC*, 431 B.R. 830, 835 (8th Cir. BAP 2010) (affirming bankruptcy court's denial of a motion to reopen on the basis that reopening the case would have been futile and a waste of judicial resources because the doctrine of *res judicata* preclude review of a state judgment, which was exactly the relief the appellants sought). *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995 ); *In re David*, 106 B.R. 126, 128-29 (Bankr. E.D. Mich. 1989). The Court will limit the exercise of its discretion to reopen a closed case "in circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources." *In re Mir Mohammed*, 536 B.R. 351, 355 (Bankr. E.D. N.Y. 2015); *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011). Here on both the facts and the law, Debtor's Motion fails.

The Debtor in the present case is an Oklahoma limited liability company. Corporations and limited liability companies may not, under § 727(a)(1), discharge debts in Chapter 7 liquidation proceedings. Under that statute, only an individual is entitled to a discharge. Corporations and limited liability companies are entitled to a discharge only

---

[1] All further references to "Code", "Section", and "§" are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise indicated.

2

upon completion of a confirmed Chapter 11 plan.  See also, *In re Sarfani*, 527 B.R. 241 (Bankr. N.D. Miss. 2015); *In re Ryan*, 443 B.R. 395 (Bankr. N.D. Tex. 2010); *In re Hansen*, 432 B.R. 758 (Bankr. N.D. Ill. 2010) (LLC could not receive a discharge).

Consequently, in the present case there is no discharge injunction applicable to any act against creditors, including Christopher Holland.  Furthermore, with the case being closed there is no automatic stay in effect to preclude any action by Holland.  Additionally, since this case was closed as a no-asset case, it would be meaningless to reopen the same for the adjudication of any claim which was filed by Holland or to issue an injunction against him attempting to collect the same.  In short, reopening this case is futile and a complete waste of judicial resources.

The Court also notes that the Motion was filed "by its Manager to be substituted by counsel."  The present motion was filed by Mr. Agrawal on behalf of a limited liability company.  "It is been the law for the better part of two centuries. . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.*"  Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716 (1993); *In re Shattuck*, 411 B.R. 378, 383 (10th Cir. 2009) ([T]he statute, (28 U.S.C. §1654) providing that parties may plead and conduct their own cases personally or by counsel, does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Flora Construction Co. v. Fireman's Fund Insurance Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.").  This breach in

3

procedure is sufficient in and of itself to deny the Debtor's Motion.

Lastly, the Debtor's Motion does not comply with Local Rule 9013-1.G.[2] In his present pending personal involuntary bankruptcy,[3] Agrawal has continued to file pleadings in violation of the Bankruptcy Code, the Fed.R.Bankr.P. and Local Rules despite having been warned on more than one occasion not to do so.[4] *Pro se* parties must, ultimately, follow the same rules of procedure governing other litigants. *Kay v. Bimas*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing *Garrett v. Selby, Conner, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Agrawal is once again forewarned that continued violation of proper procedures could result in sanctions, including prohibition of any *pro se* filings he attempts to make.

# # #

---

[2] G. Notice of Opportunity for Hearing. Except for relief specified in subparagraph H. below, if a motion or other request for relief is filed for which the Code does not require a hearing but permits an opportunity for a hearing as defined by 11 U.S.C. § 102(1), the movant shall include the following language in the title of the request for relief: "And Notice of Opportunity for Hearing." The body of the motion shall contain the following statement:

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than [the required number of] days from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The ____ day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

[3] *In re Krishna Kumar Agrawal*, Case No. 16-11253-JDL.

[4] *See e.g.* Docs. 87, 139, 158.